UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE J. HURST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:11CV275 RWS |
| | ) (FRB) |
| JEFF NORMAN,[1] | ) |
| | ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This cause is before the Court on Missouri state prisoner Willie J. Hurst's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for appropriate disposition.

On September 15, 2004, a jury in the Circuit Court of St. Louis County, Missouri, found petitioner guilty of three counts of Statutory Rape First Degree, one count of Attempted Statutory Rape Second Degree, and one count of Sodomy First Degree. On December 10, 2004, petitioner was sentenced as a prior and persistent offender and as a predatory sexual offender to concurrent terms of imprisonment, aggregating life imprisonment. On July 11, 2006, the Missouri Court of Appeals remanded the matter to the trial court

---

[1]Petitioner is currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. Inasmuch as Ian Wallace is Superintendent of SECC, he should be substituted for Jeff Norman as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

for resentencing on two counts of Statutory Rape First Degree, finding the trial court to have erred in sentencing petitioner as a predatory sexual offender on said counts inasmuch as the acts committed by petitioner occurred prior to the enactment of the relevant statute.  State v. Hurst, 195 S.W.3d 537 (Mo. Ct. App. 2006) (*per curiam*).  In all other respects, petitioner's conviction and sentence were affirmed.  Id.  On remand, the trial court resentenced petitioner to concurrent life sentences on the affected counts but without the previously imposed twenty-five-year minimum term for parole eligibility.  See Hurst v. State, 301 S.W.3d 112, 114 (Mo. Ct. App. 2010).  The Missouri Court of Appeals affirmed this determination on August 2, 2006, and mandate issued that same date.  See id. (upon resentencing, court of appeals thereafter affirmed conviction and mandate issued).  Petitioner sought no other direct review of his sentence or convictions.

On October 13, 2006, petitioner filed a pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was subsequently amended by appointed counsel and denied after an evidentiary hearing.  The Missouri Court of Appeals affirmed the denial of post-conviction relief on January 19, 2010, and mandate issued February 11, 2010.  Hurst v. State, 301 S.W.3d 112 (Mo. Ct. App. 2010).  The instant petition for writ of habeas corpus, signed by petitioner on February 7, 2011, was filed with

the Court on February 10, 2011, upon its receipt.[2]

In the instant petition, petitioner raises various claims for relief. In response, respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition. Petitioner has not replied to this contention. For the following reasons, respondent's argument is well taken.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. § 2254. For purposes of the statute, the state judgment is final upon "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Where, as here, a Missouri petitioner does not seek transfer to the Missouri Supreme Court after direct appeal, his judgment becomes final upon expiration of the time within which to seek such discretionary review, that is, fifteen days after the court of appeals issues its opinion. Gonzalez v. Thaler, ___ U.S. ___, 132 S. Ct. 641 (2012); Mo. S. Ct. R. 83.02. Accordingly,

---

[2]Petitioner verifies that the instant petition was placed in the prison mailing system on February 7, 2011. (See Doc. #1 at p. 14.) Applying the prison mailbox rule, Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), the undersigned determines the instant petition to have been filed on February 7, 2011.

petitioner's judgment of conviction here became final on August 17, 2006, fifteen days after the Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal *in toto*.

Under 28 U.S.C. § 2244(d)(2), the one-year limitations period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The pendency of post-conviction review includes the time between the trial court's denial of post-conviction relief and the filing of an appeal from the denial, Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002), and the time during the appeal process up through and including the date upon which the court of appeals issues its mandate. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006). Accordingly, the one-year limitations period here was tolled during the pendency of petitioner's post-conviction proceedings, that is, from October 13, 2006, through February 11, 2010. Petitioner filed the instant petition for writ of habeas corpus on February 7, 2011, 361 days after the conclusion of appellate review of his post-conviction motion.

The time between the date that direct review of a conviction is completed and the date that an application for state collateral relief is filed counts against the one-year limitations period. Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). As such, the time between August 17, 2006 (the date petitioner's

conviction became final), and October 13, 2006 (the date petitioner filed his post-conviction motion), is not tolled and must be included in the period within which petitioner could file a federal habeas petition. Therefore, this fifty-seven-day period counts against the one-year limitations period. Totaling this period with the 361-day period that elapsed subsequent to the conclusion of post-conviction appellate review, the sum of 418 days elapsed prior to petitioner's filing of the instant habeas corpus petition. Accordingly, the petition is untimely filed under the provisions of § 2241(d)(1)(A).

Petitioner has neither argued nor demonstrated that "extraordinary circumstances" made it impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. See Beery, 312 F.3d at 951; Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2000) (*per curiam*).

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Ian Wallace, Warden of Southeast Correctional Center, be substituted for Jeff Norman as proper party respondent.

**IT IS FURTHER RECOMMENDED** that petitioner Willie J. Hurst's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be dismissed without further proceedings for the reason that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER RECOMMENDED** that no certificate of appealability issue in this cause inasmuch as petitioner has failed to make a substantial showing that he has been denied a constitutional right.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **December 5, 2013.** Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

/s/ Frederick R. Buckles
UNITED STATES MAGISTRATE JUDGE

Dated this  _21st_  day of November, 2013.