UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIE J. HURST, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:11 CV 275 RWS |
| | ) |
| JEFF NORMAN,[1] | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

Petitioner Willie J. Hurst seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Fredrick R. Buckles for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On November 21, 2013, Judge Buckles filed his recommendation that Hurst's habeas petition should be denied.

On January 7, 2014, Hurst filed objections to the Report and Recommendation [#9]. I have conducted a de novo review of all matters relevant to the objections. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Buckles and will deny Hurst's habeas petition.

Hurst objects to Judge Buckles' determination that his petition was untimely filed pursuant to 28 U.S.C. § 2244(d)(1)(A). Hurst argues that he did not understand the

---

[1] Petitioner is currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri. To the extent that Ian Wallace is Superintendent of SECC, he should be substituted for Jeff Norman as proper party respondent. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

proper procedure for filing his petition due to his ignorance of the law and lack of legal assistance. For this reason, Hurst argues that he is entitled to equitable tolling. Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000). Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted. Id. Accordingly, Hurst fails assert extraordinary circumstances warranting the application of equitable tolling. Judge Buckles correctly applied the law in reaching his recommendation that Hurst's habeas petition should be denied.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, a court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Fleiger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)). Because Hurst has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

2

**IT IS HEREBY ORDERED that** the Report and Recommendation filed on November 21, 2013 [#9] is **SUSTAINED, ADOPTED AND INCORPORATED** herein.

**IT IS FURTHER ORDERED that** Petitioner Willie J. Hurst's Petition for Writ of Habeas Corpus [#1] is **DENIED**.

**IT IS FURTHER ORDERED that** the Court will not issue a certificate of appealability. A separate Judgment in accordance with this Memorandum and Order is entered this same date.

<br>

                                  _/s/ Rodney W. Sippel_
                                  RODNEY W. SIPPEL
                                  UNITED STATES DISTRICT JUDGE

Dated this 6th day of March, 2014.